WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Almo Music Corp.; A.J. Croce d/b/a Croce Publishing; Ingrid Croce d/b/a Time In A Bottle Publishing; Carly Simon d/b/a C'est Music Co.; Chappell & Co., Inc.; Larry Stock Music Co.; Jobete Music Co., Inc.; Quartet Music, Inc.; and Range Road Music,<br><br>        Plaintiffs,<br><br>vs.<br><br>Ettled, LLC; and George Roy Ettwein,<br><br>        Defendants.<br><br>American Express,<br><br>        Garnishee. | No. MC 11-0049-PHX-JAT<br><br>**JUDGMENT ON WRIT OF GARNISHMENT** |

Pending before the Court is Plaintiffs' Motion for Garnishment Judgment (Doc. 24). The Court now rules on the Motion.

**I.  BACKGROUND**

On June 12, 2009, Judgment was entered against Defendants Ettled, LLC, George Roy Ettwein, and Black Forest of Asheville, Inc. ("Judgment Debtors"), in favor of Plaintiffs ("Judgment Creditors"), in the amount of $13,000. (Doc. 1).

On February 13, 2012, Judgment Creditors requested a writ of garnishment against

1 Garnishee American Express Travel Related Services, Inc. ("AmEx") (Doc. 24). In its
2 Answer, AmEx indicated that, at the time the writ was served, it was in possession of
3 $100.74 in monies of Judgment Debtors. (Doc. 24-1 at ¶ IV). Copies of the Writ and
4 Summons, underlying Judgment, Notice to Judgment Debtors, Requests for Hearing, and
5 AmEx's Answer were attached to the Judgment Creditors' Motion for Garnishment and
6 mailed to Judgment Debtors on February 13, 2012 (Doc. 24 at 2).

## II.   LEGAL STANDARD

Process to enforce a judgment for the payment of money is a writ of execution, unless the court directs otherwise. FED. R. CIV. P. 69(a)(1). Generally, a federal writ of execution "must accord with the procedure of the state where the court is located." *Id.* Arizona's statutory scheme regarding garnishment of monies or property is located at Arizona Revised Statutes ("A.R.S.") sections 1570-1597.

"A party who has an objection to the writ of garnishment, the answer of the garnishee or the amount held by the garnishee or a party claiming an exemption for garnishment may, not later than ten days after the receipt of the answer, file a written objection and request for hearing." ARIZ. REV. STAT. ANN. § 12-1580(A) (2011). "[I]f the answer shows that the garnishee was indebted to the judgment debtor at the time of service of the writ, and no objection to the writ or answer is timely filed, on application by the judgment creditor the court shall enter judgment on the writ against garnishee for the amount of the nonexempt monies of the judgment debtor owed or held by the garnishee at the time of the service of the writ." *Id.* at § 12-1584(A). Under Arizona's garnishment statute, a presumption exists "that a document has been received five days after it is mailed." *Id.* at § 12-597(A).

## III.   ANALYSIS

Judgment Creditors have properly complied with Arizona's garnishment statutes regarding the Writ of Garnishment of nonearnings. Judgment Debtors presumptively received notice of the Writ of Garnishment and the Motion for Garnishment Judgment. Judgment Debtors have not filed an objection to the writ or garnishment or the Motion for Garnishment Judgment. AmEx has not requested a reimbursement fee for its costs incurred

in preparing its answer.

## IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Judgment Creditor's Motion to Expedite Entry of Judgment (Doc. 31) is granted.

**IT IS FURTHER ORDERED** that Judgment Creditors' Motion for Garnishment Judgment (Doc. 24) is granted.

Judgment Creditors shall have judgment against Garnishee American Express Travel Related Services, Inc. from the amount disclosed in American Express Travel Related Services, Inc.'s Answer in Garnishment as to Judgment Debtors Ettled, LLC and George Roy Ettwein in the amount of $100.74.

American Express Travel Related Services, Inc. shall remit the sum of $100.74 to Judgment Creditors through their attorney, Peter J. Rathwell, Snell & Wilmer L.L.P., One Arizona Center, 400 East Van Buren, Phoenix, Arizona 85004-2202.

DATED this 10th day of April, 2012.

James A. Teilborg
United States District Judge